No. 305.—R. B. SADLER, Tutor, et·al. *v.* G. W. KIMBROUGH, Adminis-
trator—WALKER & VAUGHT, Intervenors.

In this case the wife died, leaving an estate consisting of the community with her husband,
who took charge of it without any formal administration other than that of having an
inventory taken. The surviving husband continued to manage the entire estate as
his own property up to the time of his death, some years thereafter, and contracted
debts with commission merchants and others. After his death the heirs instituted suit
against his estate for their interest in the succession of their mother.

The creditors intervened and claimed to be paid first, on the ground that their debts bore
against the community.

Held—That the husband having taken possession of the entire estate, without any formal
authorization, and used it as his own up to his death, his estate was bound for all
· debts which existed against the community at the time of its dissolution by the death
of the wife.

Held further—That the heirs can only claim against the creditors the residuum after they
are paid.

APPEAL from the Fourteenth Judicial District Court, parish of More-
house. *Ray, J.   D. O. Morgan*, for plaintiffs.   *C. F. Dunn*, for
defendant. *Todd & Brigham*, for intervenors and appellants.

HOWELL, J. Mrs. C. N. Ward, wife of W. R. Ward, died on
eighteenth March, 1867, leaving a husband and four minor children.
On the fourth of May, 1869, an inventory of the property belonging to
the community between the said husband and wife appears to have
been made, showing, at the latter date, real estate appraised at
$11,500, and personal effects (including $5186 61 cash, described as
being on hand at the date of the wife's death) appraised at $23,757 50.
All of said property remained in possession of the husband and was
used by him until his death, on the eleventh of September, 1869, when
G. W. Kimbrough was appointed his administrator. It is admitted
that one tract of land belonging to the community was, by order and
judgment of the parish court, partitioned between the heirs of the wife
and the succession of the husband. On the tenth of October, 1870, the
heirs instituted this suit against the administrator of their father to
recover judgment for $12,867 50, as the amount due them from the
succession of their mother, composed of half the proceeds of the
undivided half of a certain tract of land sold by the administrator,

and one-half of the inventoried value of the personal effects, and for the recognition and enforcement of their legal mortgage on the land belonging to the succession of their father, and their lien and privilege on one-half of the proceeds of the land sold, now in the hands of the administrator, and that they be declared the owners of the land and improvements partitioned to them. The administrator answered by a general denial, qualified by admissions with reference to the alleged partition and the sale of the land mentioned, denying that all the personal property embraced in the above inventory came into his hands, and averring that the total value of all the property, real and personal, which came into his possession, did not exceed $12,000, and that many of the rights and credits described in said inventory were worthless.

Walker & Vaught, commission merchants, intervened, alleging themselves to be creditors of the succession of Ward for $8063 11, besides interest; that the indebtedness is also a charge against the community that existed between Ward and his deceased wife; denying that the succession of Ward was indebted to the plaintiffs in any amount; that they had any cause of action against the succession, or that their claim was based on any legal demand whatever; averring that it was purely a fictitious one, and collusively devised between the plaintiffs and the defendant to defraud intervenors and other creditors; that the community was largely in debt at its dissolution; that there has been no settlement thereof, and denying that plaintiffs can claim anything growing out of their interest therein until a settlement thereof is made; and praying that their demand be rejected. The answers of the plaintiffs and defendant to this intervention are substantially a general and special denial of the allegations and demand of the intervenors. Judgment was rendered in favor of plaintiffs against the defendant for $11,878 75, with legal interest from eleventh of September, 1869, and a legal mortgage on the lands of W. R. Ward's succession, to take effect from the eighteenth of March, 1867, and on the proceeds of any of such lands now in the hands of defendant—reserving to the plaintiffs the right to establish their title to the lands set forth as acquired by the alleged partition, and rejecting the demands of the intervenors; from which judgment the intervenors alone appealed.

The first question presented is, are the intervenors creditors of the community which existed between Mr. and Mrs. Ward? This question was not decided in the case of Walker & Vaught v. G. W. Kimbrough, administrator, R. B. Sadler, tutor, et al., intervenors, 23 An. 637, as suggested by plaintiffs' counsel. The language of the court on the subject was used in reference to the right of the intervenors in that case to introduce evidence in support of their intervention, and not

the question whether the plaintiffs therein held a debt against the community between Ward and wife. There is no evidence that the succession of Mrs. Ward had ever been administered. On the contrary, the property of the community remained in the possession and use of the husband until his death, when such as then existed passed into the hands of the defendant Kimbrough, as the administrator of Ward, who proceeded with the administration of the whole without distinction; and in his accounts, found in this record, there are debts which originated prior to the death of Ward's wife. The account sued on in this action was opened prior to that event, at which date the indebtedness was about $10,798 68. It was an account made by Montgomery, Peterkin & Co., a commercial firm, of which Ward was a member, with Walker & Vaught, commission merchants, and extended from January 9, 1867, to February 12, 1869, and on it a judgment has been rendered against the succession of Ward for the balance of $7227 19 with interest, to be paid in due course of administration. For the indebtedness on said account at the date of Mrs. Ward's death, the community was liable, but it is entitled to the benefit of all credits properly imputable to its liability or indebtedness. It is liable because the obligation was contracted by its head during its existence.

It is not released by the suit of Walker & Vaught v. Kimbrough, administrator, because the succession of Ward, as administered, embraced the property which belonged to the community, and no steps had been taken to separate the two successions, and Walker & Vaught may well have believed that they were pursuing the property of the community.

An examination of the account of Walker & Vaught and the evidence in the record brings us to the conclusion that they (Walker & Vaught) are entitled to payment from the community of the amount of said account, due on eighteenth March, 1867, subject to the payments made by Ward himself subsequent to that date, to wit: $2079 01 on twenty-fourth April, 1867; $1393 73 on thirty-first May, 1867, and $1185 87 on twelfth February, 1864—such payments enuring, it is presumed, to the benefit of the community. This sum should be paid before the plaintiffs can take any portion of the community, or recover anything from the succession of their father, their rights derived from their mother not attaching to the prejudice of those who were creditors of the community at the date of its dissolution. But we do not see how we can disturb the judgment as between the plaintiffs and defendants, who are both appellees. The only concern of the intervenors is to be paid out of the community property in preference to the plaintiffs. If paid, it is no concern of theirs how much the plaintiffs recover. The rights of two successions can not be settled on this appeal. The proceedings, we must remark, are somewhat unusual;

but on the prayer of the petition of intervention for judgment in favor
of intervenors and for general relief, we may set aside or regulate the
judgment appealed from, so far as it affects intervenors, and order
that their claim, to the extent allowed herein, be paid out of the com-
munity property before the plaintiffs are paid.

It is therefore ordered that the judgment appealed from, rejecting
the claims of the intervenors Walker & Vaught, be reversed; and it
is now ordered that their claim against the community, which existed
between W. R. Ward and his wife, Mrs. C. N. Smith, both deceased,
be recognized herein to the extent of six thousand one hundred and
forty dollars and seven cents, with legal interest from twelfth Feb-
ruary, 1869, and that it be paid, with costs of intervention, in due
course of administration, out of the property or its proceeds and
funds of said community, in preference to any claim of plaintiffs to
or against the estate of said community or either spouse.

Costs of appeal to be paid by appellees.